IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ADIL MOHAMMED, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 9:26-CV-00064 |
| ALEXANDER SANCHEZ, in his official | § | JUDGE MICHAEL J. TRUNCALE |
| capacity as Warden of the IAH Secure Adult | § | |
| Detention Center; BRET BRADFORD, in his | § | |
| official capacity as Field Office Director of ICE | § | |
| Enforcement and Removal Operations Houston | § | |
| Field Office; TODD LYONS, in his official | § | |
| capacity as Acting Director of Immigration and | § | |
| Customs Enforcement; and KRISTI NOEM, in | § | |
| her official capacity as Secretary of the | § | |
| Department of Homeland Security, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Adil Mohammed (Mohammed)'s Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

## I. BACKGROUND

Petitioner Adil Mohammed is a Pakistani national who entered the United States illegally in 1997. *See* [Dkt. 8 at 1]. Mohammed was originally granted asylum, but his asylum status was terminated in 2009 following multiple criminal convictions, including for violent offenses like kidnapping. *Id.* at 2. In 2011, Mohammed was ordered removed from the United States in but was provisionally released under an order of supervision. *Id.* On October 10, 2025, United States Immigration and Customs Enforcement ("ICE") detained Mohammed. *Id.*

On January 21, 2026, Mohammed brought a habeas corpus petition. [Dkt. 1]. He claims to be detained in violation of federal law because he is detained indefinitely with no reasonable possibility of removal in the foreseeable future. *See id.* at 7–8.

1

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A. Post-Removal Detention

Because Mohammed has already been ordered removed from the United States, 8 U.S.C. § 1231 governs his detention. *See Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). Post-removal detention is presumptively valid when fewer than six months have elapsed since the issuance of the detainee's final removal order. *Id.* (citing *Zadvydas v. Davis*, 533 U.S. 678, 691 (2001)). When Mohammed filed his petition, he had been detained for only three months. Accordingly, his challenge is premature. *See Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011).

## IV. CONCLUSION

It is therefore **ORDERED** that Mohammed's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 1st day of April, 2026.**

Michael J. Truncale
United States District Judge

2